Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Ave., Suite D
Montrose, Ca. 91020
Phone [818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Michael Korman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KORMAN, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; PROGRESSIVE MANAGEMENT SERVICES, is a business entity, form unknown; USCB AMERICA, is a business entity, form unknown, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:  8:18-cv-24<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.<br>3. FAIR DEBT COLLECTION PRACTICES ACT;<br>4. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff MICHAEL KORMAN ("Plaintiff") is a resident of Orange County, State of California.

2.  Defendants EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN"), is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers and which then publishes such information in credit reports available to its subscribers.   PROGRESSIVE MANAGEMENT SERVICES ("PMS") is a debt

---
COMPLAINT FOR DAMAGES

1  collection company, which among other activities, reports allegedly delinquent
2  debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.
3  USCB AMERICA ("USCB") is a debt collector which, among other activities,
4  reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the
5  Fair Credit Reporting Act.

   3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

   4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

   a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein,

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EXPERIAN and the credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about **September 2017,** Plaintiff discovered several collection accounts erroneously appearing on his credit profile.

9. On or about **mid-September 2017**, Plaintiff disputed the PMS and USCB accounts online at the EXPERIAN website. The results were that the PMS and USCB accounts would remain unchanged.

10. On or about **October 11, 2017**, Plaintiff received notice from Barclays Bank that his credit limit had been lowered from $3200 to $2500.

11. On or about **November 10, 2017**, Plaintiff received a Credit Denial Letter from HMS Lending. He was denied re-financing for his home due to the USBC and PMS accounts appearing on his EXPERIAN credit report. These accounts that did not belong to him had a severe impact on his credit score and credit worthiness.

12. On information and belief, EXPERIAN sent dispute notices to PMS and to USCB, thereby activating PMS and USCB's obligations to Plaintiff under the Fair Credit Reporting Act.

13. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit profile.  Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

14. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

   a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

   b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

   c.  By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

   d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

   e. By willfully and negligently failing to provide subsequent users of the

report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

15. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

16. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

//

## SECOND CAUSE OF ACTION

### [CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST PMS, USCB AND DOES 1-10, INCLUSIVE]

17. Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

18. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, PMS, USCB and DOES 1-10, Inclusive, qualify as a "debt collectors".

19. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the Federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. PMS, USCB and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." None of the defendants communicated anything to any person to suggest that plaintiff was disputing the debt.

20. Plaintiff alleges that PMS, USCB and DOES 1-10, Inclusive, violated other provisions of the federal Fair Debt Collection Practices Act, as incorporated in the Rosenthal Act, as follows:

    a. 15 U.S.C. Section 1692d: PMS and USCB engaged in debt collection efforts after they knew, and had determined, that it had no basis for continuing to charge plaintiff for its services. This had the natural consequence of harassing, abusing and oppressing plaintiff.

    b. 15 U.S.C. Section 1692e: PMS and USCB falsely represented the debt as a valid debt when it reported the account in collections. In fact, the alleged

debt is not valid and not enforceable.  PMS and USCB have falsely represented the character, amount and legal status of the alleged debt.  USCB has also threatened action, or taken action, including threats of credit reporting, threats of lawsuits and derogatory credit reporting accomplished, that cannot legally be taken.

c. 15 U.S.C. Section 1692f: PMS, USCB and DOES 1-10, inclusive, have each used unfair or unconscionable means to collect or attempt to collect the alleged debt.  Specifically, each has attempted to collect amounts not expressly authorized by law or by agreement, and have continued to attempt collection in spite of cancelation of the underlying agreement and possibly beyond the statute of limitations.

21. As a result of these violations of the California Fair Debt Collection Practices Act by PMS, USCB and DOES 1-10, Inclusive, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these defendants for conduct amounting to oppression and malice under California law.  In addition, plaintiff is entitled to attorney's fees, costs and expenses.

### THIRD CAUSE OF ACTION
**[VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST PMS, USCB AND DOES 1-10, INCLUSIVE]**

22. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action, and specifically incorporates paragraphs 31a, 31b and 31c into this cause of action.

23. In communicating the PMS and USCB derogatory credit information to the credit bureaus, defendants PMS and USCB and DOES 1-10, Inclusive,

willfully violated the federal Fair Debt Collection Practices Act and damaged plaintiff according to proof at trial. Plaintiff also alleges additional violations of FDCPA as alleged in paragraphs 20a, 20b and 20c, above. In addition to general and special damages according to proof, plaintiff prays for any and all available penalties against PMS, USCB and DOES 1-10, Inclusive, under the federal FDCPA, for willful violations of the cited provisions and of other provisions as may be proved at time of trial.

## FOURTH CAUSE OF ACTION
## [VIOLATION OF CALIFORNIA CONSUMER
## CREDIT REPORTING AGENCIES ACT
## AGAINST PMS, USCB AND DOES 1-10, INCLUSIVE]

24. Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

25. Within two years prior to the filing of the complaint in this action, defendants PMS, USCB and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

   a. By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

   b. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants PMS, USCB and DOES 1-10, Inclusive knew, or should have known, was incomplete, inaccurate and/or unverifiable;

   c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an

investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants PMS, USCB and DOES 1-10, Inclusive;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

f. By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

26. Each of the Defendants PMS, USCB and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants PMS, USCB and DOES 1-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

27. As a proximate result of the willful and negligent actions of the Defendants PMS, USCB and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where

allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: January __09__, 2018    **LAW OFFICES OF ROBERT F. BRENNAN, P.C.**

By: _/s/ Robert F. Brennan__
Robert F. Brennan
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES